

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA LEMA,<br><br>        Plaintiff,<br><br>  v.<br><br>COURTYARD MARRIOTT MERCED;<br>COURTYARD MERCED, INC.; KASTURI<br>LAL; EDWIN K. ANTHONY; MAX'S<br>PARTNERSHIP, LLC; MAX'S<br>PARTNERSHIP; and DOES 1 THROUGH<br>50, inclusive,<br><br>        Defendants. | 1:10-cv-1131 OWW SMS<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 5/19/11<br><br>Non-Dispositive Motion<br>Filing Deadline: 5/31/11<br><br>Non-Dispositive Motion<br>Hearing Date: 7/1/11 9:00<br>Ctrm. 7<br><br>Dispositive Motion Filing<br>Deadline: 6/30/11<br><br>Dispositive Motion Hearing<br>Date: 8/1/11 10:00 Ctrm. 3<br><br>Settlement Conference Date:<br>6/21/11 10:30 Ctrm. 7<br><br>Pre-Trial Conference Date:<br>9/12/11 11:00 Ctrm. 3<br><br>Trial Date: 11/15/11 9:00<br>Ctrm. 3 (JT-5 days) |

I.   Date of Scheduling Conference.

    October 28, 2010.

II.  Appearances Of Counsel.

    Timothy S. Thimesch, Esq., appeared on behalf of Plaintiff.

    Vaughan & Associates by Chris C. Vaughan, Esq., appeared on

behalf of Defendants.

III.  Summary of Pleadings.

1.  Plaintiff Geneva Lema alleges she is a person whose physical condition requires use of a wheelchair or hand crutches for mobility. She is a resident of Concord, California, but has an established pattern dating back many years of traveling to the Merced area for her traveling ministry. This suit concerns the Courtyard by Marriott hotel at 750 Motel Drive in Merced, which was built in approximately 2005.

2.  The hotel is owned, operated and/or leased by the named Defendants, who have all appeared.

3.  Ms. Lema alleges that architectural barriers at the hotel are pervasive and discriminate against her physical condition, and that she has both been denied access and deterred from revisiting the hotel. She alleges that the hotel has primary liability for failing to remove these barriers at the time of the hotel's remodel under Section 303 of the ADA [42 U.S.C. § 12183], as well as California law, Health & Safety Code § 19959. Defendants deny these allegations.

4.  Ms. Lema seeks injunctive and declaratory relief under federal law, and further relief under state law, including injunctive relief and statutory compensatory damages (Civil 52 and 54.3). Under both state and federal law she also presents a claim for an award for reasonable statutory attorney's fees, litigation expenses and costs.

5.  Defendants deny liability and assert a number of affirmative defenses.

///

IV.   Orders Re Amendments To Pleadings.

1.   Plaintiff has identified a new party that needs to be joined to both cases:  Rim Hospitality, LLC, which manages both hotels.  The parties hereby have stipulated to the filing of a Second Amended Complaint in each case to join this party, and request an order to this effect as part of case management.

2.   Any Amended Complaint shall be filed on or before November 9, 2010.

V.   Factual Summary.

A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1.   Upon proof satisfactory to the Defendant the parties will agree that the Defendant is disabled within the meaning of the Americans with Disabilities Act.

2.   The owner of the facility in dispute currently is Courtyard Merced, Inc.  There have been various prior owners at times mentioned in the Complaint.

B.   Contested Facts.

1.   What, if any new construction or "alterations, structural repairs or additions," have the facilities undergone since July 1, 1970 (Health & Safety Code §§ 19955 and 19959), and since January 1, 1982 (Cal. Code Regulations, Title 24)?

2.   What "new construction" or "alterations," if any, have the facilities undergone since January 26, 1992 (ADA § 302), or since July 1, 1970 (Health & Safety Code § 19953)?

3.   Were/are the parking, public restrooms, paths of travel, guest rooms, and other relevant facilities serving the restaurant inaccessible to wheelchair users such as Plaintiff?

4.      What would be the individual cost, per ADA statutory and regulatory standards, for removal of <u>each</u> barrier to access at the facilities existing after the enactment of the ADA on July 26, 1990, and after ADA compliance deadline of January 26, 1992?

5.      What are the "overall financial resources" of each Defendant (and of any "related entities," including all affiliates, general partners, trusts, joint lessees, etc.) for purposes of determining whether <u>each</u> individual barrier removal is "readily achievable" under the standards of Section 301(9) of the Americans With Disabilities Act of 1990 and associated ADA regulations?

6.      What damages, if any, did Plaintiff incur as a result of lack of access, under California state law standards including § 54.3 Civil Code for each date of visit or deterrence?

7.      What barriers to access exist on the property?

8.      What barrier removal is readily achievable?

## VI. Legal Issues.

### A. Uncontested.

1.      Jurisdiction exists under 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181, et seq.

2.      Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including but not limited to violations of California Health & Safety Code Sections 19955, et seq., including § 19959; Title 24 California Code of Regulations; and California Civil Code §§ 54 and 54.1, et seq.

1              3.   Venue is proper under 28 U.S.C. § 1391.
2         B.   Contested.
3              1.   Whether access changes and reasonable modifications in policy are required under the Americans with Disabilities Act of 1990 and the corresponding regulations entitled Americans with Disabilities Act Access Guidelines?
7              2.   Whether access changes and monetary damages are required for violations of §§ 51 and 54.1 Civil Code?
9              3.   What damages are available under California law for access violations under ADA standards, as incorporated by reference into California Civil Code §§ 54(c) and 54.1(d)?
12             4.   Whether any of the Defendants violated Cal. Civ. Code §§ 54 and 54.1 in their conduct toward Plaintiff in the ownership, operation, lease or maintenance of the subject business.
16             5.   What accessibility standard applies to the property?
18             6.   What facts support Plaintiff's standing.
19             7.   Are Plaintiff's ADA claims moot once required alterations, if any, are completed?
21             8.   Defendant's Position:  If ADA barrier claims become moot, should the Court choose to exercise supplemental jurisdiction?  Plaintiff's Counter Position:  Or should the Court give the parties an opportunity to dispose of the remaining claims by summary judgment?  (See, e.g., Kittok v. Leslie's Poolmart, Inc. (C.D. Cal. 2009) 687 F.Supp.2d 953, 956-957 (2009 WL 2855878)).  Also, does the Court have jurisdiction over Plaintiff's claim for declaratory relief?

       9.   Defendant's Position: Are alleged barriers to access within dimensional tolerances? Plaintiff's Counter Position: What is the factual basis particular to this particular construction and any particular barrier that justify application of this defense, if any?

VII. Consent to Magistrate Judge Jurisdiction.

    1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.

    1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

    1.   The parties' discovery plan is attached as Exhibit A hereto and incorporated herein.

    2.   The parties are ordered to complete all discovery on or before May 19, 2011.

    3.   The parties are directed to disclose all expert witnesses, in writing, on or before March 18, 2011. Any rebuttal or supplemental expert disclosures will be made on or before April 19, 2011. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P.

1  Rule 26(a)(2), (A) and (B) and shall include all information
2  required thereunder.  Failure to designate experts in compliance
3  with this order may result in the Court excluding the testimony
4  or other evidence offered through such experts that are not
5  disclosed pursuant to this order.
6      4.  The provisions of F. R. Civ. P. 26(b)(4) shall
7  apply to all discovery relating to experts and their opinions.
8  Experts may be fully prepared to be examined on all subjects and
9  opinions included in the designation.  Failure to comply will
10 result in the imposition of sanctions.
11 X.  Pre-Trial Motion Schedule.
12     1.  All Non-Dispositive Pre-Trial Motions, including any
13 discovery motions, will be filed on or before May 31, 2011, and
14 heard on July 1, 2011, at 9:00 a.m. before Magistrate Judge
15 Sandra M. Snyder in Courtroom 7.
16     2.  In scheduling such motions, the Magistrate
17 Judge may grant applications for an order shortening time
18 pursuant to Local Rule 142(d).  However, if counsel does not
19 obtain an order shortening time, the notice of motion must comply
20 with Local Rule 251.
21     3.  All Dispositive Pre-Trial Motions are to be
22 filed no later than June 30, 2011, and will be heard on August 1,
23 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United
24 States District Judge, in Courtroom 3, 7th Floor.  In scheduling
25 such motions, counsel shall comply with Local Rule 230.
26 XI.  Pre-Trial Conference Date.
27     1.  September 12, 2011, at 11:00 a.m. in Courtroom 3, 7th
28 Floor, before the Honorable Oliver W. Wanger, United States

District Judge.

2. The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

3. Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

1. The parties shall submit one (1) courtesy paper copy to the Court of any motions filed. Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII. Trial Date.

1. November 15, 2011, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2. This is a jury trial.

3. Counsels' Estimate Of Trial Time:

    a. Five days.

4. Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

1. A Settlement Conference is scheduled for June 21, 2011, at 10:30 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the

Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.    Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.    The Confidential Settlement Conference Statement shall include the following:

        a.    A brief statement of the facts of the case.

     b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

     c.   A summary of the proceedings to date.

     d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

     e.   The relief sought.

     f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.   Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

   1.   Relative to declaratory and injunctive relief, those issues shall be decided by the Court following the return of jury verdicts. As to equitable claims, the matter shall be heard in a continuous trial. The Court will decide equitable claims by findings of fact and conclusions of law at the close of the evidence.

XVI. Related Matters Pending.

   1.   There are no related matters.

XVII.   Compliance With Federal Procedure.

   1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil

Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.   Effect Of This Order.

1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3.   Failure to comply with this order may result in the imposition of sanctions.

DATED: October 28, 2010.

_____
Oliver W. Wanger
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

Thimesch Law Offices
TIMOTHY S. THIMESCH, ESQ. 148213
 tim@thimeschlaw.com
GENE A. FARBER, ESQ. 44215 – Of Counsel
 genefarber@gmail.com
158 Hilltop Crescent
Walnut Creek, CA 94597-3452
Tel: 925/588-0401

Attorneys for Plaintiff GENEVA LEMA

CRIS C. VAUGHAN, ESQ. 99568
 ccvaughan@sbcglobal.net
VAUGHAN & ASSOCIATES
6207 South Walnut Street, Suite 800
 Loomis, CA 95650
Telephone: 916-660-9401
Facsimile: 916-660-9378

Attorneys for Defendants
COURTYARD MARRIOTT MERCED; COURTYARD MERCED INC.; KASTURI LAL; EDWIN K. ANTHONY; MAX'S PARTNERSHIP, LLC; and MAX'S PARTNERSHIP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA LEMA, | CASE NO. 1:10-CV-01131-OWW-SMS |
| Plaintiff, | Civil Rights |
| v. | Consolidated for Case Management Purposes With <u>Lema v. Comfort Inn, et al.</u>, Case No. 1:10-CV-00362-OWW-SMS |
| COURTYARD MARRIOTT MERCED; COURTYARD MERCED INC.; KASTURI LAL; EDWIN K. ANTHONY; MAX'S PARTNERSHIP, LLC; and MAX'S PARTNERSHIP; and DOES 1 THROUGH 50, Inclusive, | **JOINT RULE 26(f) REPORT** |
| Defendants. | **Telephonic Scheduling Conference:**<br>Date:  October 28, 2010<br>Time:  8:15 AM<br>Place:  Courtroom 3<br>Judge:  Hon. Oliver W. Wagner |
| | **[CONFERENCE WILL BE TELEPHONIC]** |

Pursuant to this Court's Order Setting Mandatory Scheduling Conference of June 23, 2010, the parties jointly submit this Joint Scheduling Report. Each party certifies that its lead trial

counsel who will try this case has met and conferred for the preparation of this Statement.

The parties make the following representations and recommendations:

**Note**: By Order dated July 15, 2010, the Court consolidated this action for case management purposes with Lema v. Comfort Inn, et al., Case No. 1:10-CV-00362-OWW-SMS. Dates have already been set in Comfort Inn. See Order of July 14, 2010 attached hereto at **Exhibit 1**. The parties herein stipulate to the setting of identical dates in this case save trial, which Plaintiff requests be set on a different date.

I.     **DISCLOSURES**: What changes, if any, should be made in the timing, form, or requirement of disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made.

   1.   **Joint Position**: The parties agree to physically produce copies to all other parties in the action copies of all documents and things identified in their initial and supplemental disclosures and to be bound by the procedures and penalties of Federal Rules of Civil Procedure, Rule 37 for failure to make any such disclosure and production.

   2.   **Plaintiff's Position on Disclosures**: Under FRCP Rule 26, Plaintiff requests disclosure of the following documents and witnesses from Defendants:

   1)   Plaintiff requests disclosure of the subject building's construction and alteration history in that Defendants have denied liability under §§19955-19959 California Health & Safety Code. (San Francisco v. Grant (1986) 181 Cal.App.3d 1085; Donald v. Sacramento Valley Bank (1989) 209 Cal.App.3d 1183; and Donald v. Cafe Royalé (1990) 218 Cal.App.3d 168.) This should include all applications, permits, plans, variances, and exceptions.

   2)   Since Defendants have denied that removal of each of the barriers complained of in the complaint was "readily achievable," they must disclose witnesses and documentation supporting each factor under section 301(9) of the Americans with Disabilities Act [42 U.S.C. 12181(9)], including each and every Defendants' "overall financial resources," as well as any surveys, plans, estimates, proposals, and bids for bringing the building into compliance

1 with the ADA.

    3) Plaintiff requests copies of any and all documents that refer to the lease, improvement agreements pertaining to the subject property, which should also include all correspondence, addendums and termination notices.

    4) Plaintiff requests the disclosure of Defendants' employee handbooks since 1990 and all witnesses and documents for that period concerning Defendants' policies and procedures for providing access to the disabled.

    5) Plaintiff requests copies of Defendants' insurance policies and declarations pages, and documents pertaining to any acceptance of defense or impending reservation of rights.

    6) Finally, if Defendants are now be willing to provide full access for the disabled, Plaintiff request immediate disclosure of all documentation relating to any such plans as they are formed, including all permits, plans, bids, proposals, and cost estimates (and cost billing for each access feature, i.e., the cost to add accessibility features to the parking, dining room, public restrooms, etc., as well as the cost of the entire project).

### 3. Defendants Request the Following Disclosures From Plaintiff:

    1. Any and all documents related to the specifics complaints made by Plaintiff that Defendants' facilities were inaccessible and allegedly violate "the Americans with Disabilities Act and corresponding state law."

    2. Any and all documents related to what specifically were the "other barriers" encountered by Plaintiff?

    3. Any and all documents supporting Plaintiffs' claim for damages.

**II.** **SCOPE AND PURPOSE OF DISCOVERY [FRCP RULE 26(f)(2)]:** The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or by limited to or focused on particular issues.

////

A. **Plaintiff's Position on Scope and Purpose of Discovery:**

1. **Completion:** Presuming cooperation, Plaintiff will be able to complete discovery by the suggested discovery cutoff of May 19, 2011.

2. **Tools and Subjects of Initial Discovery [FRCP Rule 26(f)(2)]:** Plaintiff will utilize the following discovery tools to discover the relevant and material facts: requests for disclosure, requests for admissions, interrogatories, requests for production, subpoenas, site inspections, and depositions.

Plaintiff will be required to seek disclosure and/or take depositions in conjunction with written discovery to ascertain the construction and alteration history of the subject building, i.e., in that Defendants have denied liability under Sections 19955-19959 California Health & Safety Code. (San Francisco v. Grant (1986) 181 Cal.App.3d 1085; Hankins v. El Torito Restaurants, Inc., et al. (1998) 63 Cal.App.4th 510; Donald v. Sacramento Valley Bank (1989) 209 Cal.App.3d 1183; and Donald v. Cafe Royalé (1990) 218 Cal.App.3d 168.) Plaintiff will seek to ascertain this information through requests for disclosures, stipulations, requests for admission, interrogatories, and/or requests for production with depositions. The parties to be deposed will include, but are not limited to, the relevant owners, operators, contractors, architects, building and government officials, etc.

Plaintiff further contends that since each Defendant's Answer to the Complaint denies that removal of each of the barriers complained of in the complaint was and is "readily achievable," Plaintiffs will seek documentation and, if necessary, depositions of Defendants and their agents concerning evidence supporting each factor under section 301(9) of the Americans with Disabilities Act [42 U.S.C. 12181(9)] and 28 CFR Sec. 36.104, including the alleged estimated "cost" of each barrier removal, and evidence of each Defendant's "overall financial resources." These witnesses will also be deposed as to all liability issues, including: notice; the construction and ownership history; the current and past designs of the premises; and all alleged defenses, both affirmative and apparent, including, but not limited to, "not readily achievable," "unreasonable hardship," etc.

Further, to the extent Defendants intend to prepare or are in the process of

preparing plans to further modify the subject facility to provide full access for the disabled, Plaintiff will seek disclosure and/or discovery of all documentation of such access improvements, including all permits, plans, cost estimates and cost billing for <u>each</u> access feature, i.e., the cost to add accessibility features to the parking, entrances, classrooms, paths of travel, public restrooms, etc., as well as the cost of the entire project.

As of this submission, disclosures have not been completed and witnesses have not been identified. Consequently the parties are not in a position to fully gauge what discovery will be necessary. However, discovery remains open, <u>and the parties have stipulated to an early settlement conference before a magistrate judge</u>. If discovery appears necessary to gather the evidence necessary to reach a settlement, Plaintiff will proceed with initial formal written discovery, including requests for admissions, interrogatories, requests for production.

Assuming Defendants cooperate in responding to this discovery in a full and timely manner, Plaintiffs will take the following initial depositions, which will be scheduled subject to the convenience of counsel, the parties, and witnesses, the discovery cutoff in this case, and the latitude granted by F.R.C.P., Rule 29: **Deposition of Specifically Identified Witnesses Upon Disclosure and Discovery, as well as Persons Most Qualified at Defendants:** COURTYARD MARRIOTT MERCED; COURTYARD MERCED INC.; KASTURI LAL; EDWIN K. ANTHONY; MAX'S PARTNERSHIP, LLC; and MAX'S PARTNERSHIP. These persons will be deposed upon each of the subjects noticed, including inter alia the hotel's construction history, the subject incidents of discrimination against Plaintiff, Defendants' defenses, and for each issue, identification of the witnesses and discoverable documents, etc.

3. **Plaintiff's Follow-Up Depositions And Discovery Requests:** To the extent Plaintiff cannot discover the necessary facts by way of stipulations, initial requests for disclosures and requests for admission, other written discovery, and/or depositions (**see II. A.2., above at p. 4**), Plaintiff will conduct follow-up written discovery and notice further depositions of any further identified owners, operators, lessors and lessees, as well as contractors, architects, building and planning department officials, and other governmental officials. (Assuming full

1  cooperation of the Defendants, and subject to the latitude granted by F.R.C.P., Rule 29, this
2  discovery will be completed prior to the suggested discovery cutoff of May 14, 2010.)

### B. Defendants' Position on Scope and Purpose of Discovery:

1. **Completion:** Presuming cooperation, Defendants suggest a discovery cutoff of at least May 19, 2011, in order to allow for early resolution before most of the discovery is propounded.

2. **Tools and Subjects:** Defendants will use requests for disclosure, requests for admissions, interrogatories, requests for production, subpoenas, and depositions. Defendants will seek information regarding Plaintiff's alleged visits and dates of deterrence, the subject items listed under Defendants' disclosure requests, etc.

### III. LIMITATIONS ON DISCOVERY:
What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure of the Local Rules, and what other limitations imposed.

**Joint.** Interrogatories and Requests for Admission: 50. The parties additionally stipulate to the use of a single interrogatory styled after Form Interrogatory 17.0 of the state Judicial Council Form Interrogatories, which permits the parties to seek additional information as to each denial of Requests for Admission. Use of this form interrogatory shall be permitted by global reference, and shall not be counted to reduce the allowed 50 interrogatories.

### IV. EXPERT DISCLOSURES:
The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2). See Joint Case Management Conference Statement.

////

V. **DISCOVERY CUTOFF:** Proposed dates for discovery cut-off.

**Joint.** The parties suggest a discovery cut-off of May 19, 2011.

VI. **ORDER TO BUILDING DEPARTMENT TO RELEASE COPIES OF BLUEPRINTS UNDER SUBPOENA:** Plaintiff has issued a subpoena to the local Building and Planning Departments seeking copies of the subject blueprints. The parties hereby stipulate and request that the Court issue an order to the local building and planning department (in both consolidated cases) to permit the release of blueprints. The parties will submit a proposed order for this purpose citing the relevant statute and the basis of the Court's authority.

Dated: _____

THIMESCH LAW OFFICES
TIMOTHY S. THIMESCH

/s/ Authorized Signed
Attorneys for Plaintiff
NEVA LEMA

Dated: _____

CRIS C. VAUGHAN, ESQ.
VAUGHAN & ASSOCIATES

/s/ Authorized Signed
Attorneys for Defendants
COURTYARD MARRIOTT MERCED;
COURTYARD MERCED INC.; KASTURI LAL;
EDWIN K. ANTHONY; MAX'S PARTNERSHIP,
LLC; and MAX'S PARTNERSHIP