UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA LEMA, | CASE NO. 1:10-cv-01131-SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| COURTYARD MARRIOTT MERCED, et al., | |
| Defendants. | (Doc. 49) |

Defendants move for dismissal pursuant to F.R.Civ.P. 12(b)(1) and (6), arguing that the Court lacks jurisdiction because of Plaintiff's lack of standing. This court reviewed the papers and determined that this matter was suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered all written materials submitted, the Court is required to dismiss the complaint as a result of Plaintiff's failure to allege facts establishing subject matter jurisdiction.

I.     **Procedural History**

On June 22, 2010, Plaintiff filed a complaint against Defendants seeking injunctive relief and damages for violations of the Americans With Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq*.); California state disabilities rights laws (California Civil Code §§ 54, 54.1, and 55); and the Unruh Civil Rights Act. Plaintiff sought injunctive and declaratory relief, and treble damages. Defendants answered on July 29, 2010.

1

Following multiple substitutions of counsel in the spring and summer of 2011, Defendants failed to provide timely expert discovery, resulting in the Court's striking Defendants' designation of its expert witness on January 19, 2012. On February 3, 2012, Defendants moved to dismiss the complain for lack of jurisdiction.

## II.     Factual Allegations

Plaintiff alleged that she is a person with physical disabilities who uses a wheelchair, but has "short term semi-ambulatory abilities with the use of hand crutches." Plaintiff alleged that, in the two years before she filed her complaint, she was unable to patronize Defendants' hotel due to a laundry list of deficiencies:

1. In the Designated Accessible Guestrooms (hereafter simply "guestrooms"), the entrances lack 18 inches or strike side clearance on the pull side of the door;
2. Guestroom restrooms lack 19 inches of strike side clearance on the pull side of the door, and 12 inches on the push side;
3. The security latch on that door is mounted too high;
4. Guestroom restrooms lack the landing depth outside the restroom door, 60 inches of turning space within the restroom, and clear floor space in front of the sink;
5. The water closets inside the guestroom restrooms are not mounted 18 inches on center, lack both side and front transfer space, their adjacent toilet paper holders are outside or required reach range, their seats are too low, and their grab bars are obstructed;
6. Grab bars are obstructed;
7. Grab bars in roll in showers are obstructed;
8. In the guestroom restrooms, mirrors are mounted too high, water feeds are not wrapped;
9. Amenities above the sink constitute noncompliant reaches over an obstruction;
10. Coat hooks are set too high;
11. The threshold of the guestroom restroom is too high;
12. The roll-in shower lacks a fixed drop-down bench;

2

13. The whirlpool in the King bed room has a noncompliant entry and lacks required handrails;

14. The clear floor space beside the bed in the King Bed Whirlpool Room is obstructed on the left side by a wing wall and steps, and on the right side by a heavy over-stuffed chair. These clear floor spaces are also obstructed in the King Bed Suite;

15. Curtain Batons (pull rods) on curtains are set outside of the required reach range;

16. The threshold to exit room at slider is too high on both sides;

17. Closet doors provide noncompliant clear openings;

18. The required knee space below desk is obstructed by auxiliary desks, with no space available in the room for their removal and storage while not in use;

19. Guestroom refrigerators lack a landing and required reach range and landing;

20. The guest self-serve laundry room lacks turning space and the required door landing on the exit side;

21. Tables in the lobby seating area, on the patio, and in the pool area lack required knee space;

22. The patio exit gate at the approximate north end of the courtyard lacks a required door landing;

23. The parking lot on the approximate south side of the building, and which accesses the entrance on that side of the building, lacks disabled parking and an accessible route;

24. In the King Bed Suite, additional problems include: HVAC controls are not set next to a clear floor space; the configuration of the room provides no accessible route to the sliding glass door; furniture obstructs this path; the bar sink lacks knee space; the mirror in this area is set too high; the bedroom closet has no lower shelf or bar; the iron set is mounted too high; and the bathtub has a noncompliant handrail configuration.

Doc. 1 at 6-9.

Plaintiff also alleged that, on information and belief, "multiple other barriers exist at the hotel which can only be accessed and/or verified by a formal inspection with opportunity to measure and assess. Doc. 1 at 9. Plaintiff alleges that, on multiple occasions, she has complained to the management regarding her access problems at the hotel. Doc. 1 at 9.

### III. Pleading Standards

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

"A short and plain statement of the claim showing that the pleader is entitled to relief" contemplates a simple and straightforward, but complete, account of the relevant occurrences, actors, and resulting damages. Should Plaintiff elect to amend her complaint, as this order permits her to do, the Court will apply these standards to her amended complaint in the course of determining whether it has subject matter jurisdiction.

## IV. Standing

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). From a constitutional standpoint, standing addresses the question of whether the plaintiff has made out a case or controversy between himself and the defendant. *Id.* A federal court has jurisdiction only when the plaintiff himself has experienced a threatened or actual injury from the defendant's alleged illegal action. *Id.* at 499.

"An ADA plaintiff suffers a legally cognizable injury under the ADA if he is 'discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities of any place of public accommodation.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944, 952 (9th Cir. 2011), *quoting* 42 U.S.C. § 12182(a). The ADA proscribes not only obviously exclusionary conduct, such as a sign stating that disabled patrons are unwelcome, but also the "more subtle forms of discrimination–such as difficult-to-navigate restrooms and hard-to-open doors–that interfere with disabled individuals' full and equal enjoyment of places of public accommodation." *Chapman*, 631 F.3d at 945 (*internal quotations omitted*). When a disabled individual encounters or becomes aware of alleged ADA violations that deter her patronage of or otherwise interfere with her access to a place of public accommodation, she has suffered an injury in fact traceable to the defendant's conduct and capable of Court redress, granting her Article III standing. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n. 5 (9th Cir. 2008). *See also Chapman*, 631 F.3d at 946. Courts must take a "broad

view" of constitutional standing in ADA cases since private enforcement suits are the primary method of enforcing compliance. *Doran*, 524 F.3d at 1039.

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[A]n ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944. When an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and all other barriers relating to his disability even if he not personally encountered every such barrier. *Id.* That the disabled person is not deterred from returning to the public accommodation at issue is immaterial. *Id.* The statutory focus is the disabled person's right to "full and equal enjoyment of the goods, services, [or] facilities." *See* 42 U.S.C. § 12182(a).

To establish standing, a plaintiff must first allege that she has suffered an actual injury attributable to Defendant's actions. *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). Once a plaintiff has encountered a barrier violating the ADA, she has sufficient personal stake in the outcome of the controversy as long as her suit addresses only those barriers relating to her particular disability. *Chapman*, 631 F.3d at 944, 947. *See, e.g.*, *Doran*, 524 F.3d at 1044 n. 7 (holding that a wheelchair-bound plaintiff may challenge only those barriers relating to mobility); *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) (a plaintiff who is not blind lacks standing to sue for ADA violations that only affect the blind). Plaintiff's complaint does not allege that she has personally encountered a barrier violating the ADA, only that barriers exist and that those barriers have denied Plaintiff "the right and desire to [visit] the subject hotel." Plaintiff does not allege that any barriers that she did not personally encounter also relate to her disability, either.

To establish standing to pursue injunctive relief, the sole remedy available to a private plaintiff under the ADA, she must also allege a "real and immediate threat of repeated injury." *Fortyune*, 364 F.3d at 1081. A plaintiff may satisfy this prong of the standing requirements by

6

demonstrating her intent to return to a noncompliant accommodation or by establishing that she would be like to return but could not do so as long as the barriers remain. *Chapman*, 631 F.3d at 944, 950. Put another way, Plaintiff can demonstrate an ongoing actual injury either by demonstrating that the discriminatory barriers interfere with his continuing patronage of the facility or that the discriminatory barriers prevent his return or otherwise interfere with his access to the facility. *Id.* An ADA plaintiff "lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability." *Id*.

"In determining whether the plaintiff's likelihood of return is sufficient to confer standing, courts have closely examined factors such as: (1) the proximity of defendant's business to plaintiff's residence, (2) the plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *D'Lil v. Stardust Vacation Club*, 2001 WL 1825832 at *3 (E.D. Cal. December 21, 2001) (No. CIV-S-00-1496-DFL-PAN). In *Stardust Vacation Club*, the court concluded that the plaintiff had standing based on her stated intent to return, her history of travel to Lake Tahoe, and her particular reasons for patronizing the defendant's time-share hotel. *See also Parr v. L & L Drive-Inn Restaurant*, 96 F.Supp.2d 1065, 1079 (D. Hi. 2000) (finding standing where the plaintiff had one previous visit to the restaurant, which was located far from plaintiff's home, where plaintiff had a history of patronizing the restaurant chain, and where the court found the plaintiff's claimed intent to return to be sincere); *D'Lil v. El Torito Restaurants, Inc.*, 1997 WL 714866 (N.D.Cal. June 24, 1997) (No. C 94-3900-CAL) (finding no standing where the plaintiff had only one visit to a restaurant located over one hundred miles from her home and did not allege any intent to return).

Here, Plaintiff neither alleged having visited the hotel nor having any desire or intent to return. Nor does the complaint plead supportive facts such as her occupation as a minister, the nature of her ministry, the frequency of her visits to the area near the hotel to address local congregations, the recurring nature of her visits for certain annual events (such as annual conferences and retreats), her definite intent to return to the area, or her desire to patronize a

1 more affordable hotel.  Although Plaintiff testified to these facts in the course of her deposition,
2 her complaint focused on setting forth applicable law and asserting legal conclusions.  Had her
3 complaint been properly pleaded, it would have alleged facts to support the elements of
4 Plaintiff's claims.

5       Relying on *Aetna Life Ins. Co. v. Alla Medical Services*, 855 F.2d 1470, 1474 (9th Cir.
6 1988), which addressed the timeliness of a Rule 12(b) motion made before the Defendants filed
7 their responsive pleadings, Plaintiff contends that the Court need not reach this issue since
8 Defendants failed to move to dismiss before or at the time of filing their answer.  Plaintiff is
9 wrong.  Article III standing is not subject to waiver.  *United States v. Hays*, 515 U.S. 737, 742
10 (1995).  A plaintiff must demonstrate standing at each successive stage of litigation.  *Lujan v.*
11 *Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Fortyune*, 364 F.3d at 1081.  "If the court
12 determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."
13 F.R.Civ.P. 12(h)(3).

14       Defendants correctly contend that Plaintiff lacks standing because the complaint failed to
15 allege facts sufficient to establish that she has suffered an injury-in-fact.  Despite the liberal
16 pleading standards applicable to civil rights claimants, "a liberal interpretation of a  . . . civil
17 rights complaint may not supply essential elements of the claim that were not initially pled."
18 *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *quoting Ivey v. Board of Regents*, 673 F.2d
19 266, 268 (9th Cir. 1982).  In *Chapman*, the Ninth Circuit concluded that the trial court should
20 have dismissed Chapman's action at the outset because his complaint merely incorporated a
21 laundry list of barriers (the "Accessibility Survey") that Chapman claimed "denied him access to
22 the Store, *or* which he seeks to remove on behalf of others under related state statutes."  631 F.3d
23 at 954.  "The Accessibility Survey simply indentifie[d] alleged ADA and CBC violations without
24 connecting the alleged violations to Chapman's disability, or indicating whether or not he
25 encountered any one of them in such a way as to impair his full and equal enjoyment of the
26 Store."  *Id.*  Merely listing the violations in a place of public accommodation is insufficient to
27 establish the requirement that the Plaintiff allege an injury-in-fact.  *Id.*  A plaintiff must relate the
28 alleged violations to his particular disability and explicitly allege that the violations deprived him

8

of the full and equal access available to an individual who is not disabled. *Id.* at 955. Plaintiff's complaint does not do this.

Neither is an expert's assessment of the premises, identifying the premise's ADAAG violations, sufficient to establish that the plaintiff has incurred an injury-in-fact. *Id.* at 955 n. 10. To meet this standard, Plaintiff must allege facts regarding the nature of her disability, how her disability relates to render the alleged defects barriers to her; and which particular barriers Plaintiff personally encountered and under what circumstances.

In *Oliver v. Ralph's Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011), the court observed that, as was the case in *Chapman*, Oliver's complaint failed to allege an injury-in-fact because it stated that he had encountered barriers at the store and provided a list of the alleged barriers, but neither specified which barriers Oliver had personally encountered nor explained how the interaction of Oliver's disability with each specified barrier denied him full and equal access to the store. As a result, Oliver's complaint was jurisdictionally defective. *Id.*

The Supreme Court has observed:

> For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. E.g., Jenkins v. McKeithen, 395 U.S. 411, 42-422, 89 S.Ct. 1843, 1848-1849, 23 L.Ed.2d 404 (1969). At the same time, it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed.

*Warth*, 422 U.S. at 501-02.

Having failed to challenge Plaintiff's standing earlier, Defendants raise the issue well after the close of discovery and in the wake of their own efforts to unduly delay the case's progress and the Court's imposition of sanctions that preclude their use of an expert on Comfort Inn's compliance with ADAAG standards. This Court has repeatedly observed that Defendants' litigation tactics appear designed to delay resolution of this case rather than encourage resolution. Nonetheless, because Rule 12(h)(3) requires this Court to dismiss the complaint, this Court will dismiss the complaint with leave to amend.

///

In the course of documentary discovery and Plaintiff's deposition, Plaintiff has introduced sufficient factual evidence to support an allegation of injury-in-fact. She simply failed to adequately plead the elements of her claims. Her amended complaint should properly allege facts supporting her claim, and minimize and eliminate the extensive legal conclusions and argumentative re-statement of applicable law that characterizes the original complaint.

## V.  Conclusion and Order

Plaintiff's complaint fails to state facts sufficient to establish that this Court has subject matter jurisdiction even though facts disclosed in the course of discovery, particularly through Plaintiff's deposition testimony, appear to indicate that subject matter jurisdiction exists. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, but must allege sufficient facts to establish subject matter jurisdiction. Fed. R. Civ. P. 8(a). Plaintiff should focus on identifying her legal claims and setting forth, as briefly but specifically as possible, the facts necessary to establish her standing to bring the claims.

Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state facts sufficient to establish subject matter jurisdiction;

///

///

    2.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

    3.    If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.

**Dated:**   **March 27, 2012**              /s/ Sandra M. Snyder
                                                         UNITED STATES MAGISTRATE JUDGE