UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA LEMA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COURTYARD MARRIOTT MERCED, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:10-cv-01131-SMS<br><br>ORDER DENYING MOTION TO FOR A MORE DEFINITE STATEMENT<br><br>(Doc. 60) |

　　　Contending that the first amended complaint is so vague or ambiguous that they cannot adequately form a responsive pleading, Defendants move for a more definite statement pursuant to F.R.Civ.P. 12 (e).  Defendants claim to be unable to connect Plaintiff's alleged disabilities to the barriers that she alleges exist at the Courtyard Marriott.

　　　The applicable rule provides, in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

F.R.Civ.P. 12 (e).

　　　A motion for a more definite statement must be considered in light of the liberal federal pleading standards embodied in Rule 8.  *Garcia v. City of Merced*, 637 F.Supp.2d 731, 764 (E.D. Cal. 2008).  Since pleadings in federal courts are required only to notify the opposing party of the nature of the claim, R. 12(e) motions are not favored.  *Castillo v. Norton*, 219 F.R.D. 155, 163

1

1  (D. Ariz. 2003).  Thus, the basis for a successful R. 12(e) motion is typically an unintelligible
2  complaint, not one lacking sufficient detail.  *Griffin v. Cedar Fair, L.P.*, 817 F.Supp.2d 1152,
3  1156 (N.D. Cal. 2011)*; Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005).
4  *See also C.B. v. Sonora School Dist.*, 691 F.Supp.2d 1123, 1130 (E.D. Cal. 2009) ("A Rule 12(e)
5  motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the
6  nature of the claim being asserted.")  Granting a motion for a more definite statement is perhaps
7  best applied when an ambiguous allegation leaves uncertain the nature of the claim or the party
8  against whom it is asserted.  *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal.
9  1994).

10      A complaint need not be a model of clarity.  *Bureerong v. Uvawas*, 922 F.Supp. 1450,
11  1461 (C.D. Cal. 1996).  "A complaint is sufficient if it is specific enough to apprise the defendant
12  of the substance of the claim asserted against him or her."  *San Bernardino Public Employees*
13  *Ass'n v. Stout*, 946 F.Supp. 790, 804 (C.D. Cal. 1996).  "[A] motion for a more definite statement
14  should not be granted unless the defendant literally cannot frame a responsive pleading."
15  *Bureerong*, 922 F.Supp. at 1461.

16      Motions pursuant to R. 12(e) are generally viewed with disfavor and are rarely granted.
17  *Griffin*, 817 F.Supp.2d at 1156; *C.B.*, 691 F.Supp.2d at 1130; *Sagan*, 874 F.Supp. at 1077.
18  "[T]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite
19  small–the pleading must be sufficiently intelligible for the court to be able to make out one or
20  more potentially viable legal theories on which the claimant might proceed, but it must not be so
21  vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good
22  faith and without prejudice to himself."  *C.B.*, 691 F.Supp.2d at 1130, *quoting* 5C Charles Alan
23  Wright & Arthur R. Miller, *Federal Practice and Procedure (2d ed.)* § 1376.  The test is simply
24  whether the complaint is sufficiently understandable to give the defendant sufficient basis to
25  frame responsive pleadings.  *Loops, LLC v. Amercare Products, Inc.*, 636 F.Supp.2d 1128, 1137
26  (W.D. Wash. 2008); *Hubbs v. County of San Bernardino, CA*, 538 F.Supp.2d 1254, 1262 (C.D.
27  Cal. 2008).
28  ///

If the complaint is specific enough to appraise the responding party of the substance of the alleged claim or if the detail sought may be obtained through discovery, a court should deny a motion for a more definite statement. *See C.B.*, 691 F.Supp. 2d at 1130; *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal. 1981) ("Due to the liberal pleading standards in the federal courts embodied in Federal Rule of Civil Procedure 8(e) and the availability of extensive discovery, the availability of a motion for a more definite statement has been substantially restricted"). "If the moving party could obtain the missing detail through discovery, the motion should be denied." *Davison v. Santa Barbara High School District*, 48 F.Supp.2d 1225, 1228 (C.D. Cal. 1998). "Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted." *Sagan*, 874 F.Supp. at 1077. Conversely, a party may not use a motion for more definite statement to obtain facts in preparation for trial that should have been sought in discovery. *Castillo*, 219 F.R.D. at 163.

Defendants detail the specifics of the alleged vague or ambiguous statements in Plaintiff's complaint only in their attorney's declaration. Each of the claimed vague and ambiguous statements expresses clearly the nature of Plaintiff's claim. Defendants do not express any uncertainty about what Plaintiff is claiming. Instead, Defendants seek more detailed information regarding allegations that clearly set forth Plaintiff's specific claim, but are not extensively detailed. Each seeks the type of detailed information appropriately obtained through the discovery process. Accordingly, the Court cannot appropriately grant Defendants' motion for a more definite statement.

Defendants' motion for a more definite statement is hereby DENIED.

IT IS SO ORDERED.

**Dated:   June 13, 2012**                    /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE